UNITED STATES v. KAUFFMAN et al.

(Circuit Court of Appeals, Second Circuit. January 7, 1898.)

No. 33.

CUSTOMS DUTIES—CLASSIFICATION—HULLED MILLET SEED.

Hulled millet seed, which is adapted for use as food, and in which the germinating power has been destroyed, was dutiable, under section 3 of the act of 1894, as an article "manufactured, in whole or in part, not provided for in this act," and not as "seeds," under paragraph 206½. 78 Fed. 804, reversed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an appeal by Kauffman Bros. from a decision of the board of general appraisers affirming the decision of the collector of the port of New York in respect to the classification for duty of certain merchandise imported by them. The circuit court reversed the decision of the board (78 Fed. 804), and the United States have appealed.

Henry C. Platt, for the United States.

Everit Brown, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The firm of Kauffman Bros. imported, in November, 1894, into the port of New York, 200 bags of hulled millet seed. The collector assessed the merchandise for duty at 20 per cent. ad valorem, under section 3 of the tariff act of August 28, 1894, which provides as follows:

"That there shall be levied, collected and paid * * * on all articles manufactured, in whole or in part, not provided for in this act, a duty of twenty per cent. ad valorem."

The importers protested against this assessment upon many grounds. The one now relied upon is that the article was dutiable under paragraph 206½ of the same act, which is as follows:

"Garden seeds, agricultural seeds, and other seeds not specially provided for in this act, ten per centum ad valorem."

The board of general appraisers affirmed the decision of the collector, and the circuit court reversed the decision of the board upon the ground that by commercial designation the article was known as a "seed." From the decision of the circuit court this appeal was taken.

The merchandise is millet pulp, from which the hull has been removed, and therefore it will not germinate, and cannot be used for agricultural purposes. It has been destroyed as a "seed," according to the common understanding of the word, or according to the meaning given to it by lexicographers, and has been removed, by the removal of the hull, to a different condition, and to be used for different purposes. It is used largely, especially by persons of German birth, for food, as oatmeal is used, and it is also used for food for birds. Millet seed, not hulled, is not used for human food. Hulled millet seed is not dealt in by seedsmen, but it is sold by grocers, especially by dealers in fancy groceries and canned goods. The hulled and the

unhulled millet seed are called by these respective names, and the two articles are quite distinct from each other. The circuit court felt itself constrained, notwithstanding these facts, to hold that the article was by commercial designation classified among seeds. The testimony upon this subject was given by three dealers in fancy groceries, who did not deal in garden seeds. The testimony was mainly drawn out by leading questions, and was to the effect that in the trade of which they were members, and in their catalogues, hulled and unhulled millet each had the name of "seed." For example, one of the protesting importers was asked:

"Q. In the trade with which you are familiar, do you know of a class of articles which are commercially recognized, and generally so, as seeds? A. Yes, sir. Q. Please enumerate the kind of seeds generally in that category. A. Canary seed, hemp seed, rape seed, caraway seed, poppy seed, millet seed. Q. Those, in actual transactions, are known by their specific names you have just mentioned, I presume? A. Yes, sir. Q. But all in the general class of seeds? A. Yes, sir. Q. Is the seed mentioned in connection with this the hulled or unhulled millet seed? A. Both. Q. And to further distinguish between the two kinds of millet seed you have to specify whether it is hulled or not? A. We put down millet and millet hulled, and sometimes the German name, which indicates that it is yellow."

Another witness dealt in both kinds of millet seed, and was asked:

"Q. And they are both commercially within the category of seeds? A. Yes, sir. Q. Being specifically designated, in case of purchase, to distinguish them? A. Yes, sir."

The third witness was asked and answered as follows:

"Q. Is there, or is there not, in the wholesale trade and commerce of this country, and has there been for some years past, a well-defined and accepted trade meaning for the word 'seeds'? A. Yes; it is a class term of seeds. Q. Are there various kinds of seeds, bought and sold under their specific names, under the general name, 'seeds'? A. Yes, sir. Q. Please enumerate some of them. A. Canary, rape, hemp, fennel, anise, and perhaps half a dozen others,—there are plenty others,—millet seed. Q. Those, when they are ordered, are ordered by their specific names, in order to distinguish them? A. Yes, sir."

The testimony merely amounts to the fact that importers and dealers in foreign groceries, which are "specialties," import various seeds to be used for food for animals or for man, and naturally call them by their appropriate names; that, among other articles in this class, millet seed of both varieties is kept; and that each is known by its appropriate name. This testimony falls very far short of proving that, in the trade and commerce of this country, hulled millet seed, which the circuit court properly found to have been advanced by manufacture, so as to pass from the group of garden or agricultural seeds to the group of food products, needs a commercial designation which differs from its popular and natural designation. The fact that grocers keep a certain class of seeds for sale, and with them they keep for sale hulled millet seed,—which is its proper name, and shows it to be a partially manufactured article,—and call it by that name, is not valuable upon the question of general commercial classification of the article as a seed.

The decision of the circuit court is reversed.